333 So.2d 24 (1976)
THE FLORIDA BAR, Complainant,
v.
Royall P. TERRY, Jr., Respondent.
No. 48044.
Supreme Court of Florida.
March 24, 1976.
Rehearing Denied June 14, 1976.
Daniel R. Vaughen, Bar Counsel, DeLand, and David G. McGunegle, Asst. Staff Counsel, Tallahassee, for the Florida Bar, complainant.
Royall P. Terry, Jr., in pro. per.
PER CURIAM.
This disciplinary proceeding is before us upon complaint of The Florida Bar, report of the Referee, and petition for review thereof filed by respondent.
The conduct of respondent giving rise to this proceeding concerns his breach of fiduciary duty as a guardian. The Referee found the following undisputed facts.
Respondent was appointed guardian of his physically incapacitated and aged aunt by court order December 18, 1970. Following the appointment, respondent discovered $19,700 cash in a bank safe deposit box held by his ward, which he alleges she gave to him on a later, joint visit to the bank. The existence and disbursement of the sum went undisclosed and unreported in the guardianship accounts until a potential heir of the aunt intervened through counsel. No court order was made or sought authorizing the disbursement. Ultimately, the County Judge's Court of Duval County, upon finding the ward mentally incapable of making such a gift, ordered the sum returned to the estate and, "for failure of the Guardian to discharge his duties and for mismanagement of his ward's property," removed respondent from the guardianship. Respondent has repaid the sum as ordered.
The Referee found respondent guilty of violating the disciplinary rule prescribing that: "A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." See DR 1-102(A)(4). We note that respondent held a fiduciary office when he committed these acts. He was chargeable with knowledge of the requirements to properly inventory property, *25 to obtain court permission for disbursements, and to make accountings thereof.
Fulfillment of these requirements by an attorney fiduciary for an incompetent before making fundamental alteration or disposition of a ward's property is elementary and indispensable to the supervisory functions of the courts and the estate interests, which the law and public policy require the courts to protect. The respondent's contention of ignorance of these procedures is not a proper or adequate defense.
Respondent has asserted numerous procedural objections to these proceedings. Our examination of the record discloses no prejudice to respondent, the recommendation being more lenient than we deem appropriate.
The Referee recommended a private reprimand in this cause. We disagree, feeling the circumstances require a public reprimand. Persons aware of the facts of this cause should be aware of the discipline administered. The Referee further recommended that respondent be placed on probation for a period of three years and that costs incurred in these proceedings be charged against him. We agree.
The respondent is hereby publicly reprimanded and placed on probation for a period of three years from the date of this opinion. During this period respondent shall file with Staff Counsel for The Florida Bar and the Clerk of this Court quarterly reports of his activities as an attorney. Execution is directed to issue for the costs of these proceedings against the respondent in the amount of $834.19. The first quarterly report is to be filed by June 22, 1976.
It is so ordered.
OVERTON, C.J., ROBERTS, BOYD and ENGLAND, JJ., and DRURY, Circuit Court Judge, concur.